Honorable Joe Warner Bell Trinity County Attorney P.O. Box 878 Groveton, Texas 75845
Re: Whether a chief deputy may be appointed tax assessor-collector by a commissioners court of which her cousin is a member
Dear Mr. Bell:
You state that a vacancy has been created in the office of tax assessor-collector by the death of the incumbent who had served since January 1, 1961. The chief deputy has been continuously employed in the office in various positions for twenty-two years and has been chief deputy for years. She is a first cousin of a county commissioner who has served continuously in office since January 1, 1961.
You ask whether the commissioners court may appoint the chief deputy to fill the vacancy without violating the nepotism statute. Article 5996a, V.T.C.S., on nepotism, provides:
 No officer of this State . . . nor any officer or member of any State district, county, city, school district or other municipal board . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board . . . when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained . . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.
First cousins are related within the second degree by consanguinity. See Attorney General Opinions O-6221 (1944); O-4670 (1942).
 The county tax assessor-collector holds an elective office. Tex. Const. art. VIII, §§ 14, 16, 16a; Tax Code § 6.21. Thus, ordinarily the tax assessor-collector would be elected by the people and not appointed by the commissioners court. The court, however, is statutorily authorized to fill a vacancy in this office until the next general election. V.T.C.S. art. 2355.
Article 5996a, V.T.C.S., bars the commissioners court from appointing the first cousin of a commissioner to any office or employment. Attorney General Opinions O-5452 (1943); O-4987 (1942); see also Attorney General Opinion O-4670 (1942). The statute prevents any member of the commissioners court from voting for
 any person related within the second degree by affinity . . . to the person so appointing or so voting, or to any other member of any such board. . . . (Emphasis added).
V.T.C.S. art. 5996a. Thus, none of the commissioners may vote to appoint the first cousin of a commissioner to the vacant office of tax assessor-collector. See Attorney General Opinion O-3016 (1941).
You raise the exception to article 5996a, V.T.C.S., for a person employed by a governing board for two years continuously prior to the election of his relative to that board and suggest it may apply in this case. It is irrelevant to the problem before us. The tax assessor-collector appoints his deputies; the commissioners court cannot control or influence his selection of individuals for that post. V.T.C.S. art. 3902; Attorney General Opinions H-993 (1977); H-697 (1975); O-6221 (1944). The deputy tax assessor was never appointed by the commissioners court. She therefore does not come within the two-year proviso of article 5996a, V.T.C.S.
 SUMMARY
The commissioners court may not appoint the first cousin of a commissioner to the office of county tax assessor-collector vacated by the death of the incumbent.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General